UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHN S. SUTTON                                      CIVIL ACTION

VERSUS                                              NO. 18-8378

SOCIAL SECURITY ADMINISTRATION                      SECTION "R" (3)

REPORT AND RECOMMENDATION

Plaintiff John S. Sutton filed this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying his claim for disability and disability insurance benefits ("DIB") under Title II of the Social Security Act ("SSA"). The matter has been fully briefed on cross-motions for summary judgment. The issues are thus ripe for review. For the following reasons, IT IS RECOMMENDED that plaintiff's motion for summary judgment be DENIED, the Commissioner's cross-motion be GRANTED, and plaintiff's case be DISMISSED WITH PREJUDICE.

I.      BACKGROUND

Plaintiff protectively filed his application for DIB on December 11, 2015, alleging a disability onset date of October 28, 2014. (Adm. Rec. at 144-45). Plaintiff alleged disability due to herniated discs in his neck and in his lower back. (*Id.* at 192). Plaintiff, born on April 2, 1968, was 46 years old on the date on which he alleged disability. (*Id.* at 144). Plaintiff has completed four or more years of college with specialized job training in law enforcement, (*id.* at 375), and has past work experience as an account executive, an account manager, and a detective in law enforcement. (*Id.* at 193).

Defendant initially denied plaintiff's application on March 24, 2016. (*Id.* at 80-83). Plaintiff sought an administrative hearing, which defendant held on June 6, 2017. (*Id.* at 41-66). Plaintiff

1

and a vocational expert ("VA"), Patricia Riggle, testified at the hearing.

On September 18, 2017, the ALJ issued a decision in which it was concluded that plaintiff is not disabled. (*Id.* at 19-30). In the decision, the ALJ concluded that plaintiff has the severe impairments of complaints of continuing pain following an anterior cervical discectomy and fusion necessitated by degenerative disc and joint disease at C5-6 in the cervical spine and obstructive sleep apnea. (*Id.* at 21). The ALJ ultimately held, however, that plaintiff does not have an impairment or a combination of impairments that meets or medically equals a listed impairment under the regulations. (*Id.* at 22). The ALJ found that plaintiff retains the residual functional capacity ("RFC") to perform sedentary work activity as defined in 20 C.F.R. § 404.1567(a) except that he can only occasionally perform postural activities such as balancing, stooping, crouching, crawling, and kneeling, and he needs to avoid working at heights or around hazards such as dangerous moving machinery. (*Id.* at 23). Ultimately, the ALJ concluded that plaintiff can perform the job of an account manager. (*Id.* at 29). The ALJ thus denied plaintiff DIB. (*Id.*).

Plaintiff asked the Appeals Council to review the ALJ's conclusion that he is not disabled. On July 5, 2018, the Appeals Council denied plaintiff's request. (*Id.* at 1-7). Plaintiff then timely filed suit in this Court.

**II. STANDARD OF REVIEW**

The function of a district court on judicial review is limited to determining whether there is "substantial evidence" in the record, as a whole, to support the final decision of the Commissioner as trier of fact, and whether the Commissioner applied the appropriate legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir.1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Carriere v. Sullivan*, 944 F.2d

243, 245 (5th Cir.1991). If the Commissioner's findings are supported by substantial evidence, this Court must affirm them. *Martinez*, 64 F.3d at 173.

"Substantial evidence" is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401(1971); *Masterson v. Barnhart,* 309 F.3d 267, 272 (5th Cir. 2002). It is more than a scintilla, but may be less than a preponderance. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir.1993). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the Commissioner's decision. *See Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2002).

A district court may not try the issues *de novo*, re-weigh the evidence, or substitute its own judgment for that of the Commissioner. *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995); *Spellman*, 1 F.3d at 360. The Commissioner is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible. *See Arkansas v. Oklahoma*, 503 U.S. 91, 112-13 (1992). Conflicts in the evidence are for the Commissioner to resolve, not the courts. *Carey,* 230 F.3d at 135. Any of the Commissioner's findings of fact that are supported by substantial evidence are conclusive. *Ripley*, 67 F.3d at 555. Despite this Court's limited function on review, the Court must scrutinize the record in its entirety to determine the reasonableness of the decision reached and whether substantial evidence exists to support it. *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir.1992); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir.1990).

### III. ENTITLEMENT TO BENEFITS UNDER THE ACT

To be considered disabled and eligible for disability benefits under the Act, plaintiff must

show an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is considered disabled only if a physical or mental impairment is so severe that the claimant is unable to do not only previous work, but can not, considering age, education and work experience, participate in any other kind of substantial gainful work which exists in significant numbers in the national economy, regardless of whether such work exists in the area in which the claimant lives, whether a specific job vacancy exists, or whether the claimant would be hired if she or he applied for work. 42 U.S.C. § 1382(a)(3)(B). The Commissioner has promulgated regulations that provide procedures for evaluating a claim and determining disability. 20 C.F.R. §§ 404.1501 - 404.1599 & Appendices, §§ 416.901t-416.988 (1995). The regulations include a five-step evaluation process for determining whether an impairment prevents a person from engaging in any substantial gainful activity. *Id*. §§ 404.1520, 416.920; *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994).

In *Shave v. Apfel*, 238 F.3d 592 (5th Cir. 2001), the Fifth Circuit restated the five-step procedure to make a disability determination under the Social Security Act:

> The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." To determine whether a claimant is disabled, and thus entitled to disability benefits, a five-step analysis is employed. First, the claimant must not be presently working at any substantial gainful activity. Second, the claimant must have an impairment or combination of impairments that are severe. An impairment or combination of impairments is "severe" if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." Third, the claimant's impairment must meet or equal an impairment listed in the appendix to the regulations. Fourth, the impairment must prevent the claimant from returning to his past relevant work.

4

> Fifth, the impairment must prevent the claimant from doing any relevant work, considering the claimant's residual functional capacity, age, education and past work experience. At steps one through four, the burden of proof rests upon the claimant to show he is disabled. If the claimant acquits this responsibility, at step five the burden shifts to the Commissioner to show that there is other gainful employment the claimant is capable of performing in spite of his existing impairments. If the Commissioner meets this burden, the claimant must then prove he in fact cannot perform the alternate work.

*Shave*, 238 F.3d at 594 (quoting *Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir.1999)). If the ALJ determines that a plaintiff is not disabled under Step V of the five-part test, the ALJ must establish that the claimant has a "residual functional capacity," given the claimant's age, education, and past work experience, to perform other work available in the national economy. *Leggett v. Chater*, 67 F.3d 558, 564 n.11 (5th Cir. 1995). Step V also requires the Commissioner to use the medical-vocational guidelines to make a disability determination. *Id.*

The four elements of proof weighed to determine whether evidence of disability is substantial are: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) claimant's subjective evidence of pain and disability; and (4) claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir.1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." *Id*.

### IV. ISSUES ON APPEAL

There are three issues on appeal:

(1) Whether the Appeals Council erred when it found that evidence that originated after the ALJ's decision was irrelevant to plaintiff's alleged disabled status during the period addressed by the ALJ's decision.

(2) Whether the ALJ properly weighed the opinion of Dr. Carl Lowder.

(3) Whether the ALJ erred in failing to weigh the opinions of two of plaintiff's treating physicians.

5

## V. ANALYSIS

### 1. Whether the Appeals Council erred when it found that evidence that originated after the ALJ's decision was irrelevant to plaintiff's alleged disabled status during the period addressed by the ALJ's decision.

After the ALJ's September 18, 2017 decision, plaintiff sent the Appeals Council a fill-in-the-blank form, dated October 20, 2017, in which Kevin Plaisance, M.D., stated that he believed that plaintiff met the criteria for Listing 1.04, though he also stated that plaintiff had "[n]o evidence of nerve root compression or spinal stenosis on recent cervical MRI," no motor loss, no reflex loss, and no motor weakness. (Adm. Rec. at 14-15). The Appeals Council reviewed the post-decision records from Plaisance and found that it was not material to the determination of whether plaintiff was disabled on or before the ALJ's September 18, 2017 decision. (*Id.* at 2); *see also* 20 C.F.R. § 404.976(b)(1) (defining the standard for materiality during review by Appeals Council as evidence relating "to the period on or before the date of the administrative law judge hearing decision.").

Plaintiff contends that the Appeals Council should have incorporated his additional evidence into the record without regard to its materiality. However, such incorporation would have resulted in rendering plaintiff's non-material evidence part of the record for purposes of judicial review under 42 U.S.C. § 405(g), which would be contrary to the agency's regulations. *See Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (finding that exhibits proffered after the ALJ's decision and incorporated into the record by the Appeals Council are part of the record for purposes of judicial review) (citing 20 C.F.R. § 416.1470(b) (stating that the Appeals Council will "evaluate the entire record including the new and *material* evidence submitted" (emphasis added)).

Under *Higginbotham*, evidence that the Appeals Council relies on to make its decision on

6

whether to accept or deny review is considered to be part of the administrative record for purposes of judicial review under 42 U.S.C. § 405(g). *See Higginbotham*, 405 F.3d at 336. *Higginbotham* does not address the situation when, as here, the Appeals Council specifically does not consider a claimant's submission of additional evidence because it lacks materiality under Section 404.1476(b)(1). The Fifth Circuit, however, has addressed this question in an unpublished decision, holding that evidence that is submitted to the Appeals Council and properly rejected as non-material does not provide a basis for reversal. *See Beck v. Barnhart*, 205 F. App'x 207, 214 (5th Cir. 2006). Non-material evidence that a plaintiff presents to an Appeals Council but was not accepted by the Appeals Council is not "evidence upon which the findings and decision complained of are based," as specified in the third sentence of Section 405(g) and as referenced in *Higginbotham*, 405 F.3d at 337. *See also Carrier v. Sullivan*, 944 F.2d 243, 247 (5th Cir. 1991) ("We are constrained by the record which was available to the ALJ.").

This distinction is critical because "[w]hen reviewing the ALJ's decision, this court should review the record as a whole, including the new evidence . . . and should remand only if the new evidence dilutes the record to such an extent that the ALJ's decision becomes insufficiently supported." *Avery v. Astrue*, Civ. A. No. 2:12-CV-1337, 2014 WL 1932632, at *8 (W.D. La. May 14, 2014), *aff'd Avery v. Colvin*, 605 F. App'x 278 (5th Cir. 2015). (citing *Higginbotham v. Barnhart*, 163 F. App'x 279, 281-82 (5th Cir. 2006). Thus, contrary to the usual rule that federal courts may not consider out-of-record evidence as part of the judicial review authorized by 42 U.S.C. § 405(g), *see Haywood v. Sullivan,* 888 F.2d 1463, 1471 (5th Cir. 1989), the reviewing court will consider evidence incorporated into the record by the Appeals Council.

To the extent that plaintiff's claim of error addresses the Appeals Council's determination

7

of non-materiality, this was an administrative determination that is not reviewable under the jurisdiction conferred to this Court by Section 405(g). *Higginbotham* does not hold that the Appeals Council's decision whether to assert jurisdiction is separately reviewable by the federal courts. *See Higginbotham*, 405 F.3d at 336-37. As noted in the SSA, only the Commissioner's "final decision" is reviewable by the federal courts. 42 U.S.C. § 405(g). "[I]f the Appeals Council grants review of a claim, then the decision that the Council issues is the Commissioner's final decision. But if, as here, the Appeals Council denies the request for review, the ALJ's opinion becomes the final decision." *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

Only the Commissioner's final administrative decision is reviewable under the SSA, and any court review or action not explicitly authorized by the SSA is barred by it. *See* 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided."). To the extent that plaintiff's claim of error is specifically directed at the Appeals Council, such action is also outside the jurisdiction conferred by 42 U.S.C. § 405(g). The Court finds that the Appeals Council's determination that plaintiff's post-decision records were not material evidence for purposes of Section 416.1476(b)(1) is correct – the time period addressed by the ALJ's decision ended on January 26, 2016. (Adm. Rec. at 24). Consequently, the Appeals Council's decision not to evaluate such evidence, or to incorporate the evidence into the medical exhibits of record, was proper and is not reviewable under the SSA.

To the extent that plaintiff argues that his post-decision evidence may be considered by this Court in its review of the Commissioner's final administrative decision, this Court simply may not consider out-of-record evidence as part of the judicial review authorized by 42 U.S.C. § 405(g).

Out-of-record evidence may only be considered in the limited context of determining whether such evidence justifies remand to the Commissioner for administrative consideration. *See* 42 U.S.C. § 405(g); *Haywood v. Sullivan*, 888 F.2d 1463, 1471 (5th Cir. 1989).

The federal courts ' exclusive authority to consider out-of-record evidence appears in the sixth sentence of 42 U.S.C. § 405(g). Under this authority, remand for administrative consideration is available only when the presenting party shows that "there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . ." *Haywood*, 888 F.2d at 1471 (emphasis in original). However, plaintiff has not moved for remand under sentence six of 42 U.S.C. § 405(g), the exclusive statutory mechanism for such a remand.

Plaintiff's sole argument on this issue is that the Appeals Council should have remanded his case, based on the post-decision evidence from Plaisance. Under *Higginbotham*, a district court should review additional information that a petitioner submits to the Appeals Council after the ALJ has reached a decision. 405 F.3d at 337. "'[I]n order to justify a remand, the evidence must be (1) new, (2) material, and (3) good cause must be shown for the failure to incorporate the evidence into the record in a prior proceeding.' In addition, the new evidence must also pertain to the contested time period and not merely concern a subsequently acquired disability or the deterioration of a condition that was not previously disabling." *Leggett v. Chater*, 67 F.3d 558, 566-67 (5th Cir. 1995) (holding that case would not be remanded for consideration of new evidence consisting of evaluations by psychiatrists) (citing *Bradley v. Bowen*, 809 F.2d 1054, 1058 (5th Cir. 1987) (per curiam)). In this case, the new evidence from Plaisance was dated one month after the ALJ's decision, and written in the present tense, so the Commissioner properly found that the new

information did not relate back to plaintiff's condition before the ALJ issued his decision. (Adm. Rec. at 14-15).

Plaintiff maintains that his case should be remanded because the new evidence demonstrates that he was presumptively disabled under Listing 1.04A. However, the criteria in the medical listings are "demanding and stringent." *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994). To show that his impairment matches a listing, a claimant must meet all of the specified medical criteria. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). Listing 1.04A, "Disorders of the Spine," requires a compromise of a nerve root or the spinal cord in addition to evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss, and, if there is involvement of the lower back, positive sitting and supine straight-leg raising test. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.04A. Here, Plaisance explicitly stated that there existed "[n]o evidence of nerve root compression or spinal stenosis on recent cervical MRI," and noted only "some" limitation in plaintiff's cervical spine, and explicitly stated that plaintiff had no motor loss, muscle weakness, or reflex loss. (Adm Rec. at 14-15). Because Plaisance explicitly disclaims three of Listing 1.04A's elements, plaintiff's allegation that Plaisance's evidence meets Listing 1.04A is without merit. Consideration of Plaisance's form would not have changed the outcome of plaintiff's case. Accordingly, the new evidence from Plaisance does not justify a remand.

### 2. Whether the ALJ properly weighed the opinion of Dr. Carl Lowder.

On March 11, 2016, plaintiff's spinal surgeon, Carl Lowder, Jr., M.D., treated plaintiff for the first time after his November 17, 2015 cervical discectomy and fusion. (*Id.* at 1587). During

10

this follow-up appointment, Lowder issued an opinion of plaintiff's limitations consistent with an ability to perform a restricted range of sedentary work. (*Id.* at 1587-88). However, Lowder also offered two contradictory statements: (1) "[h]e is not going to be able to sit at a computer for more than 30 minutes at a time without having to take a 15 minute break" and (2) "[h]e can only drive for about 2-3 hours a day without having to have his wife drive because of severe cervicalgia. I would think the driving up to 3 hours a day would be his permanent work restriction." (*Id.* at 1588). The ALJ afforded "very little weight" to Lowder's 30-minute sitting restriction, noting that it contradicted Lowder's own two-hour driving restriction. (*Id.* at 26, 28, 1588).

Plaintiff maintains that the ALJ erred by not affording controlling weight to Lowder's opinion. It is axiomatic, however, that "[t]he law is clear that although the opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician, the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987) (citing *Oldham v. Schweiker*, 660 F.2d 1078, 1084 (5th Cir. Unit B 1981) (rejecting conclusory statement of treating physician in favor of conclusions of reviewing physician)). The ALJ is free to assign little or no weight to the opinion of any physician for good cause. *Newton v. Apfel*, 209 F.3d 448, 455-56 (5th Cir. 2000). Good cause arises where statements are brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence. *Perez v. Barnhart*, 415 F.3d 457, 466 (5th Cir. 2005). Here, the Court finds that the ALJ had good cause not to afford controlling weight to Lowder's statement that plaintiff can only sit for 30 minutes. (Adm. Rec. at 26, 28, 1588).

11

There are no complaints of lumbar pain in the record, and the ALJ only found severe impairments related to plaintiff's cervical spine. (*Id.* at 21). Thus, plaintiff's sitting limitations are most closely associated with plaintiff's complaints of neck pain. Contradicting Lowder's claim that plaintiff can sit for only 30 minutes, Lowder himself also stated that plaintiff can drive for two-three hours. (*Id.* at 1588). Plaisance also observed that plaintiff had normal range of motion in his neck and "full passive range of motion without pain" on examination in March 2016. (*Id.* at 1236). Further, after plaintiff attended physical therapy from January through October 2016, he had no complaints, as he "reports that he is doing well and can progress independently at this time with a home exercise program." (*Id.* at 1638). At that time, Brandon Lee, DPT, reported that all of plaintiff's physical therapy goals had been met, including increasing his strength to within normal limits, allowing him to participate in "modified recreational activities," and decreasing his pain during functional activities, each consistent with an ability to sit in excess of 30 minutes. (*Id.* at 1639). Thus, substantial, contradictory evidence from the record gave the ALJ good cause to afford less than controlling weight to Lowder's statement that plaintiff can sit for no more than 30 minutes. (*Id.* at 1236, 1588, 1638-39).

### 3. Whether the ALJ erred in failing to weigh the opinions of two of plaintiff's treating physicians.

In June and July 2016, Larry Stokes, Ph.D., composed letters in which he claims to have spoken on the phone to Plaisance and Nathan Harrison, M.D. and to which he attached typed notes that reflect their statements – nearly identical statements regarding plaintiff's limitations, particularly concurring with Lowder's March 2016 limitations. (*Id.* at 1277-82). As his third point of error, plaintiff contends that the ALJ erred because he did not consider these "opinions" from Harrison and Plaisance. Agreeing with defendant, however, the Court finds that these were not

12

"opinions," the ALJ did in fact consider them, and even assuming arguendo that the ALJ had not considered them, that would have amounted to harmless error because he had good cause to afford them less weight.

That Stokes composed these near-identical statements from Harrison and Plaisance demonstrate that the statements can hardly reflect the two doctors' individual judgments about the nature and severity of plaintiff's impairments. (*Id.* at 1277-82). "Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2). Instead, in this case, Stokes' statements are more similarly situated to doctors' statements based on a claimant's reporting of symptoms, which cannot be afforded great weight. A treating physician's recording of symptoms is not entitled to great weight when the documentation of symptoms was "by history," rather than by direct observation. *Greenspan v. Shalala*, 38 F.3d 232, 237-38 (5th Cir. 1994) (noting that the ALJ is free to reject evidence given only by history and not by personal observation). As Stokes' statements should not be considered Plaisance's or Harrison's individualized judgements about plaintiff's limitations, Stokes' second-hand statements cannot be considered Plaisance's or Harrison's opinions.

Additionally, plaintiff is factually mistaken in his claim that the ALJ did not consider Stokes' statements. (Adm. Rec. at 1277-81). Not only did the ALJ state that he carefully considered the record, but as plaintiff himself notes, the ALJ explicitly referred to Harrison's filled-in form in which Harrison stated that he did not believe that plaintiff would require acupuncture for the rest of his life and "may be expected to have a great improvement in his symptoms." (*Id.* at 27, 1282).

13

*Scharlow v. Schweiker*, 655 F.2d 645, 648 (5th Cir. 1981) ("We have no reason to question the ALJ's general statement" that he considered all of the evidence); *Gaultney v. Weinberger*, 505 F.2d 943, 945-46 (5th Cir. 1974) ("we see no reason to question the Judge's statement" that he considered all of the evidence).

Lastly, assuming arguendo that Stokes' statements could in fact be considered opinions by Harrison and Plaisance that plaintiff is unable to sit for 30 minutes, and that the ALJ did not consider them, the ALJ's non-consideration of those "opinions" would amount to harmless error. An error is harmless if it does not affect the substantial rights of a party, or when it is inconceivable that the ALJ would have reached a different conclusion absent the error. *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012); *Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003). As noted above in this and the two preceding sections, the ALJ had good cause in the form of substantial evidence from the record to demonstrate that plaintiff can perform sedentary work, in excess of sitting for only 30 minutes at a time. (*Id.* at 1236, 1588, 1638-39). The Court finds no reversible error here.

## VI. CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that plaintiff's Motion for Summary Judgment be DENIED, the Commissioner's cross-motion be GRANTED, and plaintiff's case be DISMISSED WITH PREJUDICE.

### NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a

district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 28th day of August, 2019.

*Dana M. Douglas*
**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**