UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN SUTTON | CIVIL ACTION |
| VERSUS | NO. 18-8378 |
| COMMISSIONER OF SOCIAL SECURITY | SECTION "R" (3) |

# ORDER AND REASONS

John Sutton seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying his claims for disability insurance benefits. Having reviewed the complaint,[1] the parties' motions,[2] the applicable law, the Magistrate Judge's Report and Recommendation,[3] and plaintiff's objections to the Magistrate Judge's Report and Recommendation,[4] the Court approves the Magistrate Judge's Report and Recommendation and adopts it as its opinion with the following additional analysis.

---

[1]   R. Doc. 1.
[2]   R. Doc. 12; R. Doc. 16.
[3]   R. Doc. 17.
[4]   R. Doc. 18.

## I. BACKGROUND

Following a fall in 2013, John Sutton began treatment for pain of the right wrist, elbow, and neck.[5] Over the following years, Sutton was treated by a number of doctors for neck pain.[6] In November 2015, he underwent surgery, including a discectomy.[7] After surgery, Sutton still maintained he felt neck pain.[8] He continued to undergo treatment.[9]

In December 2015, Sutton protectively filed an application for disability benefits, alleging disability due to herniated discs in his neck and back.[10] The Commissioner initially denied Sutton's application on March 24, 2016.[11] Upon Sutton's request, a hearing before an Administrative Law Judge was held on June 6, 2017.[12] The ALJ issued a decision in which he concluded that Sutton was not disabled, as he maintained a residual functional capacity to work as an account manager, and did not have an impairment or combination of impairments that medically equals a listed impairment under the SSA regulations.[13] Sutton appealed the ALJ's decision

---

[5] R. Doc. 8-12 at 34.
[6] *See, e.g.*, R. Doc. 8-8 at 24; R. Doc. 8-9 at 164-170.
[7] R. Doc. 8-7 at 17-21.
[8] R. Doc. 8-9 at 10.
[9] *See, e.g.*, R. Doc. 8-21 at 70; R. Doc. 8-18 at 65.
[10] R. Doc. 8-2 at 20; R. Doc. 8-6 at 5.
[11] R. Doc. 8-4 at 5.
[12] R. Doc. 8-2 at 20.
[13] *Id.* at 20, 23, 30.

to the Appeals Council, which denied Sutton's request.[14] Sutton now seeks judicial review of the Commissioner's decision.

## II. LEGAL STANDARD

The function of this Court on judicial review is limited to determining whether there is substantial evidence in the record to support the Commissioner's final decision, and whether the Commissioner applied the appropriate legal standards in reaching the decision. *See Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995); *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *See Spellman*, 1 F.3d at 360. Substantial evidence is more than a scintilla, less than a preponderance, and such that a reasonable mind might accept a conclusion based thereon. *See id*. A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the Commissioner's decision. *See Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

The Court may not reweigh the evidence, try issues *de novo*, or substitute its judgment for that of the Commissioner. *See Martinez*, 64 F.3d at 174; *Spellman*, 1 F.3d at 360. Conflicts in evidence are for the

---

[14] R. Doc. 8-2 at 2.

Commissioner to resolve, not the courts. *See Patton v. Schweiker*, 697 F.2d 590, 592 (5th Cir. 1983). The reviewing court is not permitted to substitute its judgment for that of the Commissioner, even if the reviewing court finds the evidence preponderates toward a wholly different finding. *See id.*

## III. DISCUSSION

Sutton raises three objections to the Magistrate Judge's Report and Recommendation: (1) the Appeals Council erred by declining to consider new and material evidence in the form of Dr. Plaisance's opinion; (2) the ALJ did not properly consider Dr. Lowder's opinion; and (3) the ALJ erred in failing to weigh certain reports of two of Sutton's treating physicians. The Court considers each objection in turn.

### A. The Appeals Council's Denial of Dr. Plaisance's Opinion

Following the ALJ's decision, Sutton sent the Appeals Council a form filled out by Dr. Kevin Plaisance, in which the doctor stated it was his opinion that Sutton had "cervical disc degeneration, cervical spondylosis" and "limitation in range of motion and posterior neck pain."[15] The Appeals Council rejected this evidence. It stated: "This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about

---

[15] R. Doc. 8-2 at 15-16.

whether you were disabled beginning on or before September 18, 2017."[16] Because it found that the evidence was not material, the Appeals Council did not incorporate it into the record for judicial review.

Sutton objects to the Appeals Council's finding that the evidence was not material. He argues that Dr. Plaisance's opinion did relate to the period at issue, and therefore was material and should have been incorporated into the record.

Because the evidence was not incorporated into the record by the Appeals Counsel, it remains out-of-record. Out-of-record evidence may be considered only in the limited context of determining whether such evidence justifies remand to the Commissioner for administrative consideration. *See Haywood v. Sullivan*, 888 F.2d 1463, 1471 (5th Cir. 1989). The Court may remand to the Commissioner for consideration of new evidence "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g).

Here, the Appeal Council was correct to reject the evidence as immaterial. First, Dr. Plaisance's report is written in the present tense and is dated over a month after the ALJ's decision. Moreover, with the exception

---

[16] R. Doc. 8-2 at 3.

5

of one ambiguous citation to "previous physical therapy measurements for specifics,"[17] the report in no way focuses retrospectively or on the time period before the ALJ's decision. This indicates it does not relate back to the time period in question. *See, e.g.*, *Whitehead v. Astrue*, No. 11-11292, 2012 WL 5921045, at *6 (D. Mass. Nov. 26, 2012) (noting that opinions worded in the present tense assess only plaintiff's functioning at the time they were rendered).

Second, Dr. Plaisance's report would not have changed the ALJ's decision. Dr. Plaisance wrote that there was "[n]o evidence of nerve root compression or spinal stenosis on recent cervical MRI." And Listing 1.04, which Sutton suggests Dr. Plaisance's report qualifies him for, specifically requires "compromise of a nerve root . . . or the spinal cord." 20 C.F.R. § 404, Subpt. P, App. 1 § 1.04A. Nor does Dr. Plaisance's report otherwise qualify Sutton under Listing 1.04's other criteria. Specifically, the opinion does not speak to sensory or reflex loss, which the ALJ specifically found was lacking from the required criteria.[18] The criteria in a Listing are "demanding and stringent," *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994), and all

---

[17]  R. Doc. 8-2 at 15.
[18]  R. Doc. 8-2 at 23.

6

criteria must be met. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). Sutton's report was therefore correctly rejected by the Appeals Council.

B.  **Dr. Carl Lowder's Opinion**

Sutton next contends that the ALJ failed to consider properly and weigh the opinion of Dr. Carl Lowder, one of Sutton's treating physicians. Sutton focuses on a report of Dr. Lowder in which Dr. Lowder wrote of Sutton:

> In my opinion, he has permanent restrictions. . . .He is not going to be able to sit at a computer for more than 30 minutes at a time without having to take a 15-minute brake. . . .He can only drive for about 2-3 hours a day without having to have his wife drive because of severe cervicalgia.[19]

The ALJ "accorded very little weight" to the portion of Dr. Lowder's opinion that stated that claimant could sit continuously for only 30 minutes.[20] He did so because Dr. Lowder "also indicated that the claimant is able to drive a vehicle for three continuous hours. In other words, Dr. Lowder's opinion is internally inconsistent, and it does not support his opinion that the claimant can only sit at a computer for 30 minutes."[21]

---

[19]  R. Doc. 8-20 at 32.
[20]  R. Doc. 8-2 at 29.
[21]  *Id.*

7

Sutton takes two issues with the ALJ's analysis. First, he argues that the ALJ could not reject Dr. Lowder's opinion because he is a treating physician, and the ALJ did not explicitly discuss each factor listed in 20 C.F.R. § 404.1527(d)(2). Second, he argues that the ALJ misread Dr. Lowder's opinion as Dr. Lowder does not explicitly state that Sutton can drive for three *continuous* hours. The Court addresses each argument in turn.

SSA regulations list six factors that an ALJ should consider when determining that a physician's opinion is not entitled to controlling weight. These include "(1) the physician's length of treatment of the claimant, (2) the physician's frequency of examination, (3) the nature and extent of the treatment relationship, (4) the support of the physician's opinion afforded by the medical evidence of the record; (5) the consistency of the opinion with the record as a whole; and (6) the specialization of the treating physician." *Newton v. Apfel*, 209 F.3d 448, 456 (5th Cir. 2000) (citing 20 C.F.R. § 404.1527(d)(2)). The Fifth Circuit held in *Newton* that "an ALJ is required to consider each of the § 404.1527(d) factors before declining to give any weight to the opinions of the claimant's treating specialist." *Id.* Sutton argues the ALJ failed to properly consider these factors, and therefore remand is required.

But the situation here is different from the one at issue in *Newton*. There, the ALJ rejected a physician's treatment whole cloth, and afforded it *no* weight. Here, the ALJ afforded very little weight to only one of Dr. Lowder's opinions due to an internal inconsistency. Indeed, the ALJ seems to cite Dr. Lowder's opinions elsewhere approvingly.[22]

Moreover, an analysis of the factors listed in § 404.1527(d) would not have helped resolve the inconsistency in Dr. Lowder's report. For example, Dr. Lowder's frequency of examination or length of treatment of Sutton would do nothing to make one of his opinions less contradictory with another. And reading the ALJ's opinion as a whole shows that he had an appreciation of each of the factors listed in § 404.1527(d) as they related to Dr. Lowder. For example, the ALJ states that Dr. Lowder had been treating Sutton since December 2014,[23] and notes Dr. Lowder's repeated examinations of Sutton.[24] That the ALJ does not specifically list and analyze each and every factor listed in § 404.1527(d) when deciding to give less weight to one of two contradictory statements from Dr. Lowder does not merit reversal.

---

[22] R. Doc. 8-2 at 23.
[23] R. Doc. 8-2 at 25.
[24] *Id.* at 25-27.

9

Nor is Sutton's argument that the ALJ misread Dr. Lowder's report grounds for remand. Although Dr. Lowder's report did not explicitly use the word "continuously" when describing Sutton's three-hour limitation on driving, it was reasonable for the ALJ to infer that was what Dr. Lowder meant. This is particularly true in light of the absence of any sort of time restriction or requirement of breaks for Sutton's driving time, even though such a break requirement was mentioned for computer use in the sentence before. And because conflicts in evidence are for the Commissioner to resolve, not the Court, *see Patton v. Schweiker*, 697 F.2d 590, 592 (5th Cir. 1983), the ALJ's decision regarding how much weight to afford Dr. Lowder's opinion must stand.

### C. Dr. Stokes' Letters

Sutton's final objection is again a contention that the ALJ did not weigh the evidence as Sutton would have preferred. Specifically, Sutton argues that the ALJ did not give sufficient weight to two letters composed by Dr. Larry Stokes. These are letters in which Dr. Stokes claims to have spoken on the phone to Doctors Plaisance and Harrison and typed nearly identical notes that reflect their statements and concur with Dr. Lowder's limitations.[25] Sutton avers that the ALJ failed to weigh these letters properly, and seems to

---

[25] R. Doc. 8-19 at 1-7.

suggest that if the ALJ had it would necessarily have dictated a finding of disability, regardless of other evidence in the record.

As an initial matter, the record suggests that the ALJ did in fact consider these letters. He explicitly stated that his conclusions are a result of "careful consideration of the entire record."[26] And plaintiff suggests "no reason to question the ALJ's general statement." *Scharlow v. Schweiker*, 655 F.2d 645, 648 (5th Cir. 1981). Moreover, the ALJ references both Dr. Harrison's and Dr. Plaisance's opinions in his decision, including other statements and opinions they made that indicate that claimant's statements regarding the severity of his symptoms are likely overstated.[27] Indeed, the ALJ directly references Dr. Harrison's letter.[28] There is simply no evidence that these letters were ignored.

This leaves Sutton with only the argument that the ALJ did not give the opinions in the two letters adequate weight relative to the rest of the record. But by suggesting that these letters—a fragment of the record of the opinions of Sutton's treating physicians—were necessarily entitled to controlling weight over the statements of other treating physicians, such as Dr. Lowder, Sutton asks the Court to reweigh the evidence and substitute its judgment

---

[26] R. Doc. 8-2 at 22.
[27] *Id.* at 28.
[28] *Id.*

11

for that of the Commissioner. The Court may not do so. *See Cook v. Heckler*, 750 F.2d 391, 392 (5th Cir. 1985) (holding that a court "may not, however, reweigh the evidence or substitute its judgment for that of the administrative fact finder.").

## IV. CONCLUSION

For the foregoing reasons, the plaintiff's complaint is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this __25th__ day of November, 2019.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE